NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4599
_____

WILLIAM E. COE,

Appellant

v.

U.S. STEEL CORPORATION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 11-cv-05500)
District Judge:  Honorable Michael M. Baylson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 24, 2013

Before:  AMBRO, FISHER and HARDIMAN, *Circuit Judges*.

(Filed: September 30, 2013)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

William E. Coe appeals from the District Court's grant of summary judgment to

United States Steel Corporation ("U.S. Steel") on his racial discrimination claims under

Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*., and the Civil Rights Act of 1866, 42 U.S.C. § 1981. We will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Since his hiring in October 1974, Coe has worked as a Maintenance Technician for U.S. Steel at a facility in Fairless Hills, Pennsylvania (the "Fairless Plant"). A collective bargaining agreement known as the Basic Labor Agreement ("BLA") governs the terms and conditions for production and maintenance employees at U.S. Steel's facilities. U.S. Steel and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union (the "International Union") negotiated the BLA. Coe is a member of United Steelworkers of America Local 4889 ("Local 4889"), the local union at the Fairless Plant.

Under the 2003 BLA, the presidents of local unions appoint union workers to a position known as the Safety Representative. The Safety Representative oversees safety matters in an office away from the steel mill floor. In 2003, the President of Local 4889 appointed Kathy Bara, a white union employee, as Safety Representative at the Fairless Plant. Bara worked in that role for forty hours each week. Based on the 2008 revisions to the BLA, an International Union Vice President told Bara that her Safety Representative schedule would be reduced to sixteen hours per week. Nonetheless, Bara

2

continued working forty hours per week after the effective date of the 2008 BLA revisions.

In April 2009, Coe was elected the first black president of Local 4889. Shortly thereafter, a new Area Manager, Robert Ives, arrived at the Fairless Plant and assumed responsibility for setting the daily schedules for union employees. In August 2009, Ives reviewed the 2008 BLA, realized that the Safety Representative's maximum work hours were sixteen hours per week, and decided to enforce that provision. Around this time, Coe notified Ives of his plan to remove Bara as Safety Representative but did not tell Ives of his intent to assume the position. Before Bara could be informed of the schedule change for the Safety Representative, Coe sent a letter dated August 28, 2009[1] to Susanna Show, Staff Supervisor of Labor Relations at the Fairless Plant, informing her that he was replacing Bara as Safety Representative. Show told Coe that he could only work in the position for sixteen hours per week.

Coe accused U.S. Steel of limiting his hours because he is African-American and filed a grievance with the International Union. After his grievance was denied, Coe filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission. That claim was also dismissed. Coe then filed suit against U.S. Steel in August 2011 for race discrimination in violation of Title VII and 42 U.S.C. § 1981. He also alleged a violation of the Pennsylvania Human Relations Act, 43 PA. CONS. STAT. § 951 *et seq.* but

---

[1] The letter bears three inconsistent dates in the body, address line, and date-received stamp. However, the exact date of the letter does not affect our analysis of the issue before us.

3

subsequently withdrew the claim. After discovery, U.S. Steel moved for summary judgment. The District Court found that although Coe had established a prima facie case of race discrimination, he failed to prove that U.S. Steel's proffered legitimate nondiscriminatory reason was pretextual and granted U.S. Steel's motion for summary judgment. This appeal followed.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of summary judgment. *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000). Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). We view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor. *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992).

## III.

On appeal, Coe argues that the District Court erred in concluding that he failed to establish pretext after U.S. Steel provided a legitimate nondiscriminatory reason for the reduced hours. Coe maintains that he raised genuine issues of fact regarding U.S. Steel's intent and therefore summary judgment was improper. To prove pretext, a plaintiff must provide evidence that could cause a factfinder to (1) disbelieve the employer's legitimate nondiscriminatory reason; or (2) believe that an illegitimate discriminatory reason was

4

"more likely than not a motivating or determinative cause" of the employer's action. *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994). Under the first prong, a plaintiff must demonstrate such weaknesses or implausibilities in the employer's proffered reason that a factfinder could reasonably question the reason's legitimacy. *Id*. at 765. In the alternative, to satisfy the second prong, a plaintiff "must point to evidence that proves . . . discrimination in the same way that critical facts are generally proved – based solely on the natural probative force of the evidence." *Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101, 1111 (3d Cir. 1997).

We agree with the District Court that Coe fails to provide any evidence that creates a genuine dispute of fact concerning U.S. Steel's reason for reducing the Safety Representative's hours to sixteen per week. Coe has given us no reason to disbelieve U.S. Steel's explanation. Ives declared that he reduced the Safety Representative's schedule upon his discovery of the scheduling provision in August 2009 solely to comply with the 2008 BLA, before he was aware that Coe planned to appoint himself to the position. Coe admits that he did not inform Ives of his intent to assume the position when they initially spoke, and does not present any evidence that leads us to discredit Ives's assertions. He has therefore failed to present evidence that would allow a reasonable factfinder to disbelieve Ives' proffered nondiscriminatory justification.

Furthermore, Coe has not sufficiently established that discrimination was "more likely than not" the reason behind the hours change. *Fuentes*, 32 F.3d at 764. Coe claims

5

that the District Court did not need to look for additional evidence to find pretext because he had already provided sufficient evidence to challenge U.S. Steel's nondiscriminatory reason. But, as discussed *supra*, Coe failed to discredit U.S. Steel's nondiscriminatory justification. *Id*. (holding that a plaintiff need not present additional evidence of discrimination, beyond his or her prima facie case, if the plaintiff has sufficiently discredited the defendant's proffered reason). Coe merely reiterates the arguments he made for his prima facie case of discrimination and offers unsupported suspicions about the timing of Ives's decisions. *See id.* (explaining that a plaintiff cannot "avoid summary judgment simply by arguing that the factfinder need not believe the defendant's proffered legitimate explanations"). He has not adduced evidence showing that his race was more likely than not the reason for the reduction in hours of the Safety Representative. Thus, the District Court properly dismissed Coe's discrimination claim for want of a showing of pretext.

## IV.

For the reasons set forth above, we will affirm the order of the District Court.